Opinion filed December 21, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed December 21, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00273-CV 

                                                    __________

 

                                CEDRIC
DINELL BUTLER, Appellant

                                                             V.

                                       EDGAR
A. MASON, Appellee

 



 

                                         On
Appeal from the 191st District Court

                                                           Dallas
 County, Texas

                                               Trial
Court Cause No. 2004-07501

 



 

                                              M
E M O R A N D U M   O P I N I O N

This is
an appeal from the trial court=s dismissal of Cedric Dinell Bulter=s pro se suit against Edgar A. Mason.  We affirm. 


In 1998,
the jury convicted Butler
of murder and aggravated assault.  Bulter=s retained counsel, Harry Zimmerman,
perfected an appeal but passed away before oral argument.  Mason argued the appeals.[1]  Butler
later retained Mason to file applications for both state and federal
postconviction writs of habeas corpus. 
The Texas Court of Criminal Appeals denied the application in 2001.[2]  The federal application was dismissed as
being time-barred in 2003.[3]








In 2004,
Butler filed this suit alleging that Mason was
negligent in his handling of the applications for writs of habeas corpus and
that Mason breached his contract with Butler.  Butler
sought a total of $6,000,000 as compensation for lost employment and as
punitive damages.  Mason filed a motion
to dismiss contending that Butler
failed to comply with Tex. Civ. Prac.
& Rem. Code Ann. ' 14.004 (Vernon 2002) and that a
malpractice claim against an attorney was frivolous as a matter of law under
the facts of this case.  The trial court
granted the motion and dismissed the cause. 

The
trial court found that all of Butler=s alleged injuries flowed from his
convictions and resulting incarceration, that the gravamen of his complaints
was that he remained incarcerated because of Mason=s conduct, that the realistic chance of
ultimate success was slight, that these allegations had no arguable basis in
law, and that dismissal under Tex. Civ.
Prac. & Rem. Code Ann. ' 14.003 (Vernon 2002) was appropriate.

In his
sole point of error, Butler
contends that the trial court abused its discretion.  Specifically, Butler
argues that the trial court=s reliance on Peeler v. Hughes &
Luce, 909 S.W.2d 494 (Tex.
1995), was misplaced.  We disagree.

In Peeler,
the Texas Supreme Court held:

Because
of public policy, we side with the majority of courts and hold that plaintiffs
who have been convicted of a criminal offense may negate the sole proximate
cause bar to their claim for legal malpractice in connection with that
conviction only if they have been exonerated on direct appeal, through post‑conviction
relief, or otherwise.  While we agree
with the other state courts that public policy prohibits convicts from
profiting from their illegal conduct, we also believe that allowing civil
recovery for convicts impermissibly shifts responsibility for the crime away
from the convict.  This opportunity to
shift much, if not all, of the punishment assessed against convicts for their
criminal acts to their former attorneys, drastically diminishes the consequences
of the convicts= criminal conduct and seriously undermines
our system of criminal justice.  We
therefore hold that, as a matter of law, it is the illegal conduct rather than
the negligence of a convict=s counsel that is the cause in fact of any
injuries flowing from the conviction, unless the conviction has been overturned
(citation omitted).

 

Id. at 497-98.








We
disagree with Butler=s contentions that it was Mason=s alleged misbehavior in the handling of
the applications for writs of habeas corpus that resulted in his injuries and
that, therefore, the trial court abused its discretion when it relied on the
bar stated in the Peeler case. 
The bar in Peeler applies to Butler=s claims. 
As the trial court noted, all of Butler=s alleged injuries and claims flowed from Butler=s continued incarceration.  The trial court did not abuse its
discretion.  All of Butler=s arguments have been considered, and each
is overruled.

The
order of the trial court is affirmed.

 

PER
CURIAM

 

December 21, 2006

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]The convictions were affirmed by the Dallas Court of
Appeals in an unpublished opinion.  Butler v. State, Nos. 05-98-02161-CR &
05-98-02162-CR, 2000 WL 100116 (Tex.
App.CDallas Jan. 31, 2000, no pet.) (not designated for
publication).





[2]Texas Court of Criminal Appeals Cause No. WR-48,775-01.





[3]United States District Court, Northern District of Texas, Dallas Division, Cause
No. 3-02-CV-1411-G.